UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC-19

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CYNTHIA GILMORE, et al., | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion to Revoke Detention Order (Doc. No. 464) in which Defendant requests that this Court revoke the Magistrate Judge's Order of Detention. (5:17-mj-01438-RN, Doc. No. 19). Upon a *de novo* review of the record in this case, the Court affirms the Magistrate Judge's findings that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or Defendant's appearance as required.

"If . . . [a] judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). A court shall take into account the weight of evidence against the defendant, the defendant's history and personal characteristics, and the seriousness of the risk to the public when determining if a defendant should be detained. See 18 U.S.C. § 3142(g).

Based on the nature and circumstances of the pending charges, the strength of the evidence against Defendant, and Defendant's history and characteristics, it is clear that Defendant's pre-trial release poses a danger to the public safety. Defendant is charged in Count One with a violation

of 18 U.S.C. § 1962(d), Racketeer Influenced Corrupt Organization-Conspiracy. (Doc. No. 3). A confidential source reported that Defendant is a high-ranking member of a violent street gang called the United Blood Nation ("UBN"). On at least seventeen occasions since 2011, she transferred hundreds of dollars of gang dues to top ranking UBN members. In addition, she has met multiple times with top ranking UBN members and held gang meetings with UBN leaders in the New York Department of Corrections. Significantly, Defendant is alleged to have ordered other gang members to commit a murder in Chapel Hill, North Carolina. These are charges of serious overt acts in furtherance of a dangerous criminal enterprise. Moreover, according to the pre-sentence report, (Doc. No. 376), Defendant has an extensive criminal history beginning in 1993. She has previously been convicted of numerous drug-related crimes, simple assault, resisting a public officer, and carrying a concealed weapon. Furthermore, she has violated her probation on several occasions and had her probation revoked.

Given the violent nature of Defendant's current and prior criminal history, including prior attempts to resist law enforcement and her participation in criminal activity while on probation, there is no condition or combination of conditions of release that will reasonably assure the appearance of Defendant as required and the safety of the community. Therefore, although the Court conducted a *de novo* review of the record and gave no deference to the Magistrate Judge's ruling, the Court affirms the Magistrate Judge's decision to detain Defendant.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Revoke Detention Order (Doc. No. 464) is DENIED.

      IT IS SO ORDERED.
      Signed: June 26, 2017

Frank D. Whitney
Chief United States District Judge