IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CR-00134-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v. )<br>)<br>CYNTHIA GILMORE, )<br>a/k/a "Cynthia Young" )<br>a/k/a "Lady Bynt" )<br>)<br>**Defendant.** ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

THIS MATTER is before the Court on Defendant's "Motion for Severance, Speedy Trial and Objection to Motions to Continue," Doc. 625, filed June 28, 2017 and the Government's "Response to Defendant Gilmore's Motion to Sever [and Motion to Dismiss]," Doc. 643, filed July 3, 2017.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that a ruling on this Motion be deferred until Docket Call on September 5, 2017 or until such later date as the Court deems appropriate.

## I. FACTUAL BACKGROUND

Defendant is alleged to be one of eighty-three members of the United Blood Nation (UBN) who were indicted on May 16, 2017 by a Grand Jury in the Western District of North Carolina. Defendant is charged in Count One of the Indictment with a violation of 18 U.S.C. § 1962(d), Racketeer Influenced Corrupt Organization-Conspiracy. See Bill of Indictment, Doc. 3. All eighty-

three (83) Defendants are named in Count One of the Indictment. Docket Call as to all Defendants is currently scheduled for September 5, 2017.

## II. ANALYSIS

Defendant argues that the racketeering conspiracy count is vague and overly broad. She alleges that the "Government has not defined with any…reasonable degree of certainty what act, or transaction, or series of acts or transactions constitute the offense." Doc. 625 at p. 2. She argues that a trial with her co-defendants would prejudice her.

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b). Thus, "[t]he test for joinder under Rule 8(b) is whether the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or transactions.'" United States v. Santoni, 585 F.2d 667, 673 (4th Cir. 1978) (quoting Fed. R. Crim. P. 8(b)). In those instances "[w]here the defendants' acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series." Id. In this case, Defendant is charged with participating in a racketeering conspiracy.

Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a). "In deciding whether to grant a Rule 14 motion, the district court is given broad discretion in weighing the inconvenience and expense to the government and witnesses in

conducting separate trials against the prejudice to the defendants caused by a joint trial." United States v. Smith, 44 F.3d 1259, 1266-7 (4th Cir. 1995). "The district court's decision to grant or deny a motion for severance will be overturned only for a clear abuse of discretion. Such an abuse of discretion will be found only where the trial court's decision to deny a severance deprives the defendants of a fair trial and results in a miscarriage of justice." United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (quotation omitted). It is the defendant's burden to show "that a joint trial would be so unfairly prejudicial that a miscarriage of justice would result." United States v. Williams, 10 F.3d 1070, 1079-80 (4th Cir. 1993).

The Supreme Court has held that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). There are several reasons for this preference. Joint trials "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. Joint trials also promote "economy and efficiency" and help the Court and litigants "avoid a multiplicity of trials." Id. at 540. The Fourth Circuit recently reiterated, "[w]e adhere to the general principle that when defendants are indicted together, they should be tried together." United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012) (quoting United States v. Singh, 518 F.3d 236, 255 (4th Cir. 2008).

The preference for joint trials is particularly strong in conspiracy cases. "[J]oinder is highly favored in conspiracy cases, over and above the general disposition [supporting] joinder for reasons of efficiency and judicial economy." Id. (quoting United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986)) (alterations in original). This is because, as the Fourth Circuit explains, "[t]he gravamen of conspiracy is that each conspirator is fully liable for the acts of all co-conspirators in furtherance of the conspiracy." Tedder, 801 F.2d at 1450.

Here, the Court concludes that this Motion is premature and a ruling should be deferred until the Docket Call on September 5, 2017. At that time, the Court will be in a better position to assess the trial posture of the case.

## III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that the ruling on Defendant's Motion to Sever be **deferred** until the Docket Call on September 5, 2017 or until such later date as the Court deems appropriate.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED**.

Signed: July 17, 2017

_____
David S. Cayer
United States Magistrate Judge