IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CR-00134-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CYNTHIA GILMORE, ) | |
| a/k/a "Cynthia Young" ) | |
| a/k/a "Lady Bynt" ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's "Motion to Dismiss," Doc. 640, filed July 1, 2017 and the Government's "Response to Defendant Gilmore's [Motion to Sever and] Motion to Dismiss," Doc. 643, filed July 3, 2017.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be **denied**, as discussed below.

## I. FACTUAL BACKGROUND

Defendant is alleged to be one of eighty-three members of the United Blood Nation (UBN) who were indicted on May 16, 2017 by a Grand Jury in the Western District of North Carolina. Defendant is charged in Count One of the Indictment with violating 18 U.S.C. § 1962(d), Racketeer Influenced Corrupt Organization-Conspiracy. See Bill of Indictment, Doc. 3. All eighty-three Defendants are named in Count One of the Indictment. Docket Call as to all Defendants is currently scheduled for September 5, 2017.

## II.  ANALYSIS

Defendant moves to dismiss "because the charge fails to establish jurisdiction over [her] and the subject matter and fails to state a claim upon which relief can be granted." Doc. 640 at 1.

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged ...." Fed. R. Crim. Pro. 7(c)(1).  The Fourth Circuit has summarized the elements of a RICO conspiracy as follows:

> To satisfy § 1962(d), the government must prove [1] that an enterprise affecting interstate commerce existed; [2] that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and . . . [3] that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

United States v. Cornell, 780 F.3d 616, 621 (4th Cir. 2015) (quoting United States v. Mouzone, 687 F.3d 207, 218 (4th Cir. 2012)).

The Second Circuit explained the elements of a RICO conspiracy as follows:

> 18 U.S.C. § 1962(d), the 'RICO conspiracy statute,' provides that it is unlawful "to conspire to violate any of the provisions of subsections (a), (b) or (c) of this section." Section 1962(c), the familiar 'substantive' RICO provision, criminalizes the participation in the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity. Section 1962(d), has as its target the act of agreement—here, the agreement to engage in activity that implicates section 1962(c). Accordingly, to list adequately the elements of section 1962(d), an indictment need only charge—after identifying a proper enterprise and the defendant's association with that enterprise—that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity. Neither overt acts, United States v. Torres Lopez, 851 F.2d 520, 525 (1st Cir.1988), nor specific predicate acts that the defendant agreed personally to commit, United States v. Neapolitan, 791 F.2d 489, 495–98 (7th Cir. 1986), need be alleged or proved for a section 1962(d) offense.

United States v. Glecier, 923 F.2d 496, 500 (7th Cir. 1991).  An allegation of RICO conspiracy is sufficient when it "[1] states all of the elements of the offense charged, [2] informs [the defendant]

of the nature of the charge so that a defense can be prepared, and [3] enables the defendant to evaluate any possible double jeopardy problems presented by the charge." Id. at 499. It is not necessary to allege evidentiary details. See United States v. Nabors, 45 F.3d 238, 240-41 (8th Cir. 1995) (the Government is not required to reveal all of its proof in the bill of indictment).

In Glecier, the RICO conspiracy count did not allege that the defendant personally committed or agreed to commit any specific racketeering act. Instead, it alleged that during the specified time period, the defendants agreed "to conduct and participate in the conduct of the affairs of [the enterprise], directly and indirectly, through a pattern of racketeering activity, as that term is defined in [18 U.S.C. § 1961], said racketeering activity consisting of multiple acts involving bribery" under the applicable state statute. 923 F.2d at 498. The court found that by alleging the time period during which the conspiracy operated, the locations and courts, the principal actors, and with some detail, the specific types of predicate crimes to be committed and how the conspiracy operated, the indictment adequately enabled [the defendant] to prepare a defense. Id. at 500.

Applying those standards here, the Indictment "[1] sets forth the elements of the offenses charged, [2] informs Defendant of the nature of the charge against her so that a defense can be prepared, and [3] enables Defendant to evaluate any possible double jeopardy problems. As in Glecier, this Indictment alleges that during a specified time period, beginning in at least 2009 through the present, Defendants agreed "to conduct and participate in the conduct of the affairs of the United Blood Nation, directly and indirectly, through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5), which racketeering activity consisting of multiple acts involving violations of federal and state law." Doc. 1, Indictment at 24.

The Indictment is approximately 162 pages long and details the nature of the racketeering enterprise, its membership, activities, and *modus operandi*. In addition to the predicate acts, the Indictment lists hundreds of overt acts attributable to members of the enterprise in furtherance of the conspiracy. As the Supreme Court has stated, unlike a traditional conspiracy, a RICO conspiracy contains "no requirement of some overt act or specific act." Salinas v. United States, 522 U.S. 52, 63 (1997). As such, to secure a conviction for RICO conspiracy, the Government is not required to prove, or even allege, the actual completion of a single racketeering act by the defendant or any other member of the conspiracy. Cornell, 780 F.3d at 624. The Government need only prove that co-conspirators "agree[d] to pursue the same criminal objective," regardless of whether that objective was ever initiated or completed. Salinas, 522 U.S. at 63. To that end, the Government may allege the types of crimes that constitute the pattern of racketeering activity without alleging specific racketeering acts. Glecier, 923 F.2d at 500-01.

This Indictment adequately places Defendant on notice such that she will not be prejudiced at trial.

With regard to Defendant's jurisdictional arguments, a RICO prosecution may be brought in any district where some of the enterprise's criminal activity occurred. See, e.g., United States v. Pepe, 747 F.2d 632, 660 n. 44, 664 n. 56 (11th Cir.1984) (venue in RICO case for extortionate debt collection that occurred in New York was proper in Southern District of Florida where other racketeering activities occurred); United States v. Persico, 621 F.Supp. 842, 858 (S.D.N.Y.1985) (holding that it makes no difference whether any individual defendant was in the district, as long as the Government establishes that the defendant participated in an enterprise that conducted illegal activities in the district). Venue for a RICO offense also lies in any district where the enterprise conducted business. See United States v. Umana, 2009 WL 1443395 at *7 (W.D.N.C. May 20,

2009), aff'd, 750 F.3d 320 (4th Cir. 2014) (citations omitted). Since much of the criminal activity as well as acts of racketeering occurred in Charlotte, it was proper to bring the Indictment in this District. The fact that Defendant may have lived in the Eastern District of North Carolina or that some of her Co-Defendants are from other states is irrelevant to the jurisdictional and venue analyses.

## III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's Motion to Dismiss be **denied**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED**.

Signed: July 20, 2017

_David S. Cayer_
David S. Cayer
United States Magistrate Judge