UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CYNTHIA GILMORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant Cynthia Gilmore's "Motion for Severance, Speedy Trial, and Objections to Motion to Continue (Doc. No. 625); Defendant Gilmore's Motion to Dismiss Indictment (Doc. No. 640); the Memoranda and Recommendations ("M&R") issued by the magistrate judge on those pending motions (Docs. Nos. 688, 697); and Defendant's Objections to the M&R on the motion to dismiss (Doc. No. 700). The M&R on Defendant's motion for severance, speedy trial, and objections to continue (Doc. No. 688) deferred ruling until a decision by this Court at the docket call, which took place on September 5, 2017. For the reasons that follow, the Court ADOPTS the M&R (Doc. No. 697) recommending the Court deny the Motion to Dismiss, (Doc. No. 640), and hereby overrules Defendant's objections thereto (Doc. No. 700). Additionally, the Court ADOPTS the findings of fact and conclusions of law in the M&R (Doc. No. 688) on Defendant's Motion for Severance and Speedy Trial and GRANTS that Motion (Doc. No. 625) as explained herein and in open court.

A. Motion to Dismiss

The magistrate judge in this case issued an M&R on Defendant's Motion to Dismiss (Doc. No. 640) recommending the motion be denied. (Doc. No. 697). Defendant objected to the M&R, presenting essentially the same arguments put forth in the original motion, to wit: (1) the

indictment fails to establish jurisdiction over Defendant Gilmore and the subject matter, and (2) the indictment "fails to state a claim upon which relief can be granted." (Doc. No. 640, p. 1; Doc. No. 700, p. 1).

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

The Court notes at the outset that Defendant fails to object with specificity to either the findings of fact or conclusions of law contained within the M&R. Instead, the gravamen of Defendant's arguments in her objections challenge, in general terms, the legitimacy of the criminal statutes charged in the indictment. (Doc. No. 700, pp. 4-6). As to this general objection challenging the criminal statutes at bar, Defendant makes no reference whatsoever to the M&R, nor does Defendant specifically identify erroneous applications of law or analysis thereof. Accordingly, and after careful review of the M&R's analysis on this issue, it is overruled.

Turning to Defendant's only specific objection to the M&R, Defendant asserts error in the M&R's conclusion that "much of the criminal activity as well as acts of racketeering occurred in Charlotte . . . ." (See Doc. No. 700, p. 1 (citing M&R, Doc. No. 697, p. 5)). Defendant contends this conclusion is not based on the allegations contained in the indictment. To the contrary, and as recognized by Defendant's own pleading, the indictment references overt acts in Charlotte, Shelby, and Gastonia. (Doc. No. 3, p. 27). Moreover, the detailed allegations in Court One also allege acts, including racketeering activity, occurring various places throughout Mecklenburg County and other areas within the Western District of North Carolina. Defendant's objection to the M&R's conclusion regarding the location of criminal activity is overruled.

Finally, Defendant also generally argues the M&R fails to address the adequacy of due process and personal jurisdiction over her. In support of this contention, Defendant argues "there is no personal jurisdiction over Ms. Gilmore because the jurisdictional claim in this instant case is over a particular person, i.e., in personam jurisdiction, and Ms[.] Gilmore was arrested at home in the Eastern District [of North Carolina]." (Doc. No. 700, p. 2). In support of this argument that no personal jurisdiction exists here, Defendant cites to cases related to personal jurisdiction in *civil* matters and generally references concepts such as minimum contacts, fair play, and substantial justice. Defendant's arguments are misplaced, particularly where Defendant cites to no criminal case applying these principles in a manner applicable to the facts here. As the M&R recognized, the Racketeer Influenced Corrupt Organization Conspiracy charged here, may be brought in any district where some of the enterprise's criminal activity occurred. As the Fourth Circuit has explained:

> Both the Constitution and the statutes implementing it require that criminal trials
> be conducted where the crime was committed. The place where a crime is

3

committed—the locus delicti—must be determined from the nature of the crime alleged and the location of the act or acts constituting it. Thus, to determine venue, we must first identify the conduct constituting the offense and then "discern the location of the commission of the criminal acts. The location of the criminal acts is determinative. Of course, if the criminal conduct spans multiple districts, the crime may be tried in any district in which at least one conduct element was committed.

United States v. Umana, 750 F.3d 320, 334 (4th Cir. 2014) (internal quotations and citations omitted). The Fourth Circuit has recognized, "The inquiry into the place of the crime may yield more than one appropriate venue, see 18 U.S.C. § 3237(a), or even a venue in which the defendant has never set foot." United States v. Bowens, 224 F.3d 302, 309 (4th Cir. 2000) (citing Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912)). Moreover,

Where venue requirements are met, the prosecution may proceed in that district, notwithstanding the possibility that the gravamen of the wrongdoing took place elsewhere. Such a rule is both even-handed and practical: there is no unfairness in prosecuting a defendant in a district in which he has committed a crime, and there are good reasons to avoid an indeterminate inquiry into the relative seriousness of multi-district misconduct.

United States v. Smith, 452 F.3d 323, 334 (4th Cir. 2006). Notably, Defendant's objections to the M&R make no reference to "venue," only personal jurisdiction. The Court finds the detailed allegations contained in Count One sufficiently establish the appropriateness of Defendant being charged and proceeding to trial in the Western District of North Carolina. Defendant's objections related to the lack of personal jurisdiction are overruled.

In short, after careful review, the Court determines that the recommendation of the magistrate judge to deny the motion to dismiss is fully consistent with and supported by current law. Further, the factual background and recitation of issues are supported by the applicable pleadings and law. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

B. Motion for Severance, Speedy Trial and Objections to Motion to Continue

During docket call on September 5, 2017, the Court adopted the recommendation by the M&R (Doc. No. 688) and heard argument as to Defendant's Motion for Severance, Speedy Trial, and Objection to Motion to Continue. For the reasons stated in open court, the Court GRANTS the motion to sever and hereby severs Defendant Cynthia Gilmore for trial. Additionally, the Court GRANTS in part and DENIES in part the remainder of Defendant's Motion. As explained in open court, the ends of justice shall be served by a modest continuance of trial in this matter to the November 6, 2017, trial term. See 18 U.S.C. § 3161(h)(8)(1).

IT IS THEREFORE ORDERED that the Court ADOPTS the M&R (Doc. No. 697) recommending the Court deny the Motion to Dismiss, (Doc. No. 640), and hereby overrules Defendant's objections thereto (Doc. No. 700). Defendant's Motion to Dismiss (Doc. No. 640) is DENIED.

IT IS FURTHER ORDERED that the Court ADOPTS the findings of fact and conclusions of law in the M&R (Doc. No. 688) on Defendant's Motion for Severance and Speedy Trial and GRANTS that Motion (Doc. No. 625) as explained herein and in open court. Defendant Gilmore shall be severed for trial, and the ends of justice shall be served by a modest continuance of trial in this matter to the November 6, 2017, trial term.

IT IS SO ORDERED.

Signed: September 6, 2017

Frank D. Whitney
Chief United States District Judge