UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | and |
| CYNTHIA GILMORE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court following a status conference on October 25, 2017, as well as on several pleadings filed by the Government and defense counsel concerning the setting of trial for Defendant Cynthia Gilmore. During the status conference, where counsel for all parties appeared, the Court issued an oral ruling that it would reconsider and vacate its decision to sever Defendant Cynthia Gilmore from trial from her co-Defendants. The Court explained it had improperly based its prior ruling solely on the fact Ms. Gilmore had retained counsel who had indicated he could competently review the comprehensive discovery in this case and be prepared for trial as soon as possible. Upon reconsideration, the Court found such preferential treatment for a defendant with retained counsel could unfairly prejudice defendants with appointed counsel. In light of the ruling to unsever Ms. Gilmore, the Court also orally entered a modest continuance for trial for Ms. Gilmore from the November 6, 2017, trial term to the January 2, 2018, trial term. As indicated in open court, Ms. Gilmore would be grouped with several co-Defendants who would receive priority to be tried during the January 2, 2018, trial term. This memorandum ruling follows, and in so issuing, the Court also considers the pleadings filed by the parties post-status conference re-addressing the issues of severance and continuance for trial. (See Docs. Nos. 835, 837, 839).

1

### A. Motion to Sever

The Court first turns to the reconsideration of the severance of Ms. Gilmore from the eighty-two other Defendants. The Court orally granted her original motion to sever (Doc. No. 625) on September 5, 2017. (See Doc. No. 759). The Government sought reconsideration of that ruling in its submission of proposed trial groupings. (Docs. Nos. 773; 813). Following review of the requests for reconsideration, as well as Defendant Gilmore's responses (Doc. No. 774, 816), and upon further review of the facts and circumstances of this case, as well as applicable law, the Court orally ruled to unsever Ms. Gilmore. The Court explained its reasoning to unsever to prevent those without resources using appointed counsel from being treated less favorably than those with resources to retain counsel. Defendant subsequently requested the Court reconsider its ruling to unsever her for trial. (Doc. No. 837).

Defendant's pleadings, however, fail to cite to any applicable law tending to support she be severed for trial. The Supreme Court has explained, "[W]hen defendants have been properly joined under Rule 8(b), a district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993) (emphasis added). The Court finds that such a "serious risk" does not exist in this case.

Moreover, Defendant's argument contending "Ms. Gilmore is innocent and wants a trial and that most if not all the other defendants are guilty . . ." is unavailing. (Doc. No. 837, p. 1). In the Fourth Circuit, it is generally accepted that "'individuals indicted together should be tried

together'" and "'a defendant is not entitled to severance merely because separate trials would more likely result in acquittal, or because evidence against one defendant is not as strong as that against the other.'" United States v. Khan, 461 F.3d 477, 490–91 (4th Cir. 2006) (quoting United States v. Strickland, 245 F.3d 368, 384 (4th Cir. 2001)); see also United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999) ("Generally, we adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly."). The fact the evidence among Defendants differs likewise does not merit severance here. See United States v. Burrows, No. 4:08CR147, 2009 WL 10677386, at *1 (E.D. Va. Apr. 29, 2009) ("The defendant must do more than just show that the evidence against him is not as great as the evidence against his codefendants, and the defendant has failed to do that in this case. Therefore, the court denies the defendant's motion to sever.").

To require severance, the defendant must show "actual prejudice would result from a joint trial," United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995), and "speculative allegations as to possible prejudice" will not suffice. United States v. Becker, 585 F.2d 703, 707 (4th Cir. 1978). The presence of conflicting or antagonistic defenses, alone, is insufficient to require severance, but severance is appropriate where there is "such a stark contrast presented by the defendants that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other." United States v. Najjar, 300 F.3d 466, 474 (4th Cir. 2002). Here, Defendant Gilmore has simply failed to show actual prejudice from a joint trial. See Reavis, 48 F.3d at 771 ("Other than the fact that his trial did not begin within the statutorily prescribed seventy days, [the defendant] does not offer any concrete examples of how he was prejudiced by the delay."). Instead, as the Court noted in its oral ruling to unsever Ms. Gilmore, the other Defendants in this

matter could be prejudiced by severing Ms. Gilmore and giving her higher priority for trial simply because she had retained counsel who was not using the Court appointed discovery coordinator. Accordingly, the Government's motion for reconsideration contained in their proposed trial groupings is GRANTED as to Ms. Gilmore, and Ms. Gilmore shall no longer be severed for trial and shall be reinstated for trial with her co-Defendants. To the extent Defendant has requested reconsideration of that ruling, it is DENIED.

**B.      Speedy Trial Act**

Because Ms. Gilmore is not to be severed from her co-Defendants for trial, the Court continued her trial from November 6, 2017, to January 2, 2018, and indicated that she receive priority and be tried among the first trial groups proceeding to trial during the Court's January term. Defendant objects to this continuance, referencing violation of the Speedy Trial Act (Doc. No. 837). The Court finds Defendant's objections to be without merit.

The Speedy Trial Act generally requires a criminal trial to commence within seventy days of the filing of an information or indictment, or of the defendant's initial appearance, whichever last occurs. See 18 U.S.C. § 3161(c)(1). The purpose of the Act is to protect the interests of both the defendant and the public; however, certain delays may be excluded from the seventy-day count, including those where the court has found "that the ends of justice served by granting [a] continuance outweigh the public's and defendant's interests in a speedy trial." Zedner v. United States, 547 U.S. 489, 498-99 (2006); see also 18 U.S.C. § 3161(h)(7)(A).

Section 3161(h)(7)(B) explains some of the factors considered by the Court and enables the Court to schedule the trial of this case beyond the 70–day limit of the Speedy Trial Act when "the case is so unusual or so complex, due to the number of defendants, the nature of the

prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

Here, Defendant appears to concede this case is complex, which will require additional time beyond the normal 70-day time limit to get all Defendants to trial. See Doc. No. 801, p. 1 ("The case is complex and being budgeted as a mega case for that reason."); see also Doc. No. 625, p. 1 ("That is one of those notorious mass conspiracy cases that will take at least two years to get to trial . . . ."). The Court agrees. See Reavis, 48 F.3d at 771 ("In a case with six defendants, eight attorneys, a thirty-three count indictment, and the possibility of prosecution under a seldom-used federal death penalty statute, if the district court determines that the ends of justice will be served by granting a continuance, we are reluctant to conclude that the Speedy Trial Act has been violated." (citing United States v. Chalkias, 971 F.2d 1206, 1211 (6th Cir. 1992))). Because *this* Defendant has conceded the complex nature of this case, the Court need not determine at this time whether the case as a whole satisfies 18 U.S.C. § 3161(h)(7)(B)(ii) such that the entire case be certified as complex. However, the Court finds for purposes of continuing trial for Ms. Gilmore to the January term, the significant number of defendants, including the fact this is the largest indictment in the history of this District, as well as the complexity of the charges, including the large body of discovery, support a finding that the ends of justice are served by a continuance, which outweighs the best interests of the public and Defendant in a speedy trial.

IT IS THEREFORE ORDERED the Government's motion for reconsideration contained in their proposed trial groupings is GRANTED and Ms. Gilmore shall no longer be severed for

trial and shall be reinstated for trial with her co-Defendants. To the extent Defendant has requested reconsideration of that ruling, it is DENIED.

IT IS FURTHER ORDERED that finding the ends of justice are served by continuing trial for Ms. Gilmore until January 2, 2017, and that the ends of justice outweighs the best interests of the public and Defendant in a speedy trial.

IT IS SO ORDERED.

Signed: November 3, 2017

Frank D. Whitney
Chief United States District Judge