UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CYNTHIA GILMORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court upon Defendant's objection (Doc. No. 894) to the Court's continuance of trial based on Defendant's filing of a Motion to Suppress (Doc. No. 892) on December 4, 2017. Defendant argues the Court should not continue trial from the January 2, 2018, trial setting because the government and the Court have adequate time to hear the motion to suppress prior to trial. To the contrary and applying the standard local rules and practices in this District, Defendant's motion triggers a need for a response by the Government, which – under standard local rules – would be due December 18, 2017.[1] The magistrate judge would then need to schedule an evidentiary hearing, after which a Memorandum and Recommendation would issue. Any objections to the M&R would require additional time for this Court to review the evidence and parties' positions prior to issuance of a final ruling. In addition, the Supreme Court has explained:

> The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., provides that in "any case in which a plea of not guilty is entered, the trial ... shall commence within seventy days" from the later of (1) the "filing date" of the information or indictment or (2) the defendant's initial appearance before a judicial officer (i.e., the arraignment). § 3161(c)(1). *The Act goes on to list a set of exclusions from the 70–day period, including "delay resulting from any pretrial motion, from the filing of the motion*

---

[1] The Court recognizes the magistrate judge to whom the motion has been referred entered an order expediting briefing and already scheduled an evidentiary hearing for January 9, 2018.

1

> *through the conclusion of the hearing on, or other prompt disposition of, such motion."* § 3161(h)(1)(D) (2006 ed., Supp. III) (emphasis added).
> . . . [T]he filing of a pretrial motion falls within this provision irrespective of whether it actually causes, or is expected to cause, delay in starting a trial.

United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (emphasis added). The Supreme Court has also held, "Congress intended subsection (F) to exclude from the Speedy Trial Act's 70-day limitation *all time between the filing of a motion and the conclusion of the hearing on that motion*, whether or not a delay in holding that hearing is 'reasonably necessary.'" Henderson v. United States, 476 U.S. 321, 330, 106 S. Ct. 1871, 1877, 90 L. Ed. 2d 299 (1986) (emphasis added).

The Court recognizes Defendant's motion to suppress was timely filed without any intention to delay trial. Nevertheless, the Government and the Court need sufficient time to adequately address the issues raised in Defendant's motion. For this reason, as well as the Court's designation of this case as "complex" under the Speedy Trial Act, see Doc. No. 847, the Court finds the ends of justice outweigh the interests of the public and Defendant such that this trial shall be continued to the March 5, 2018, term. Defendant's objection to such continuance is overruled.

Although not articulated as a motion, Defendant's pleading here also requests this Court revisit her pretrial detention and order release pending trial. Other than reference to two other co-defendants who "have their liberty while awaiting for trial," Defendant fails to present any legally sufficient reason to justify her request. (Doc. No. 894, p. 2). Accordingly, it is denied.

Finally, Defendant once again challenges this Court's ruling to vacate its previous order severing Defendant for trial. Defendant states:

> At the prior conference, the Court stated, without any evidence, that co-defendants were not ready for trial due to their reliance on the government for a defense and that Ms. Gilmore was in a position to demand her right to a speedy trial because she was not dependent on the government for her defense. The Court's conclusion was that Ms. Gilmore should not profit from this disparity. Ms. Gilmore was the

> only one seeking severance at the time it was granted. At the prior conference, the government stated that it is ready for trial and not asking for a continuance, absent joinder. It offered no new fact to justify a reversal of the Court's order of severance and trial on the November term of court.

Doc. No. 894, p. 2. To the contrary and as the Court has already explained, the Court's original decision to sever Defendant for trial was largely based on the fact her retained counsel indicated he could more quickly prepare for trial. In revisiting this decision, *upon the Government's motion* (see Docs. Nos. 773, 813), the Court entered an order to unsever Defendant so as to "prevent those without resources using appointed counsel from being treated less favorably than those with resources to retain counsel." (Doc. No. 847, p. 2). As the Supreme Court has recognized, "We see no justification for treating defendants' speedy-trial claims differently based on whether their counsel is privately retained or publicly assigned." Vermont v. Brillon, 556 U.S. 81, 93, 129 S. Ct. 1283, 1292, 173 L. Ed. 2d 231 (2009). Defendant's objections – raised again here – are overruled.

IT IS THEREFORE ORDERED that Defendant's "Response in Opposition . . . Oppose Continuance" (Doc. No. 894) is OVERRULED. Any motions contained therein regarding pretrial detention are DENIED.

IT IS SO ORDERED.

Signed: December 6, 2017

Frank D. Whitney
Chief United States District Judge