UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| (19) CYNTHIA GILMORE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court upon Defendant Cynthia Gilmore's Motion for Judgment of Acquittal, Motion for New Trial, and Motion to Dismiss (Doc. No. 1560) and Defendant Gilmore's Motion for Dismissal (Doc. No. 1544). The Government has responded in opposition (Doc. No. 1594), and the motions are now ripe for disposition. For the reasons stated herein, Defendant Gilmore's motions (Doc. Nos. 1544 and 1560) are DENIED.

## I. BACKGROUND

Trial by jury in this case commenced on May 2, 2018. On May 17, 2018, the jury returned unanimous verdicts, finding Defendant Gilmore and her co-defendants, (21) Pedro Gutierrez and (5) James Baxton, guilty of one count of racketeering conspiracy ("RICO conspiracy") in violation of 18 U.S.C. § 1962(d).

The Government, at trial, presented *inter alia* the following evidence: (1) photographs of Defendant Gilmore wearing gang paraphernalia, flashing gang hand signs, and/or associating with other United Blood Nation (UBN) members; (2) text messages from 2015 between Defendant Gilmore and co-defendant Montraya Atkinson, a/k/a Hardbody, using UBN code to discuss

matters including cocaine trafficking, scheduling gang meetings, collecting gang dues, and other matters concerning the leadership and organization of the gang, and violent actions taken against Crips; (3) recorded jail calls between Defendant and other gang members discussing UBN's leadership structure, collection of dues, meetings with high-ranking leaders, smuggling controlled substances into prison for sale, and other issues; (4) visitor logs and commissary account records showing meetings Defendant had and monies she paid to Defendant Gutierrez; (5) testimony from multiple fellow UBN gang members as to Defendant's membership in the UBN and crimes undertaken; (6) text messages and phone calls related to an armed robbery and shooting that occurred in August of 2011 which implicated Defendant, who also served as a getaway driver for one of the robbers; (7) text messages and calls indicating Defendant's participating in a wire fraud scheme in which a non-UBN member filed false tax returns for UBN members including Defendant; and (8) Defendant's admission upon arrest that she was a member of the Bloods.

Defendant Gilmore filed a Motion for Dismissal (Doc. No. 1544) on May 15, 2018, at the close of the Government's presentation of evidence and subsequently filed her Motion for Judgment of Acquittal, Motion for New Trial, and Motion to Dismiss (Doc. No. 1560) on May 19, 2018. The Government issued its response in opposition (Doc. No. 1594) to all motions on May 29, 2018. The Court addresses Defendant Gilmore's arguments below.

## II. ANALYSIS

### a. Motion for Judgment of Acquittal

First, Defendant Gilmore contends that pursuant to Federal Rule of Criminal Procedure 29(c) she is entitled to a judgement of acquittal for insufficiency of the evidence. (Doc. No. 1560, p. 1).

Rule 29 provides that a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "The standard for reversing a jury verdict of guilty is a high one: the Court does so only where the prosecution's failure is clear." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (internal quotation marks omitted). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "In determining whether there is substantial evidence to support a verdict, we defer to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to judicial review." United States v. Louthian, 756 F.3d 295, 303 (4th Cir. 2014) (internal quotation marks omitted). In assessing a motion pursuant to Rule 29, the evidence is viewed in the light most favorable to the Government. United States v. Cornell, 780 F.3d 616, 630 (4th Cir. 2015).

To sustain a RICO conspiracy charge, the Government must prove that (1) an enterprise affecting interstate commerce existed; (2) that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and (3) that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts. See Cornell, 780 F.3d at 621 (citing United States v. Mouzone, 687 F.3d 207, 218 (4th Cir.2012)).

Viewing the evidence in the light most favorable to the Government, the Court concludes that substantial evidence supports Defendant Gilmore's conviction. The Government presented ample evidence to support each element of RICO conspiracy. In regards to the first element, the

Government presented evidence at trial demonstrating the UBN constitutes an enterprise with a distinct effect on interstate commerce through its dealings all over the east coast in drug trafficking, communicating gang orders through use of wires and mail, and perpetrating fraud on behalf of the gang *inter alia*. Secondly, through gang member testimony, messages and photographs posted to social media, text messages, and Defendant Gilmore's own words, the Government demonstrated Defendant Gilmore's knowing and intentional agreement with another person to conduct or participate in the affairs of the UBN. Lastly, the Government showed that Defendant Gilmore knowingly and willfully agreed with some other member of the conspiracy to commit at least two racketeering acts. The Government established this by presenting the following evidence: text messages between Defendant Gilmore and another gang member regarding the distribution of cocaine, thus demonstrating her agreement to engage in drug trafficking; additional electronic communications between Defendant Gilmore and another gang member revealing an agreement to engage in robbery under both North Carolina state law and federal law; testimony from a Government witness indicating Defendant Gilmore had sold crack with another UBN member; testimony from a Government witness indicating Defendant Gilmore was involved in a 2011 robbery that attempted to obtain drugs and cash with another UBN member; and additional recorded communications indicating Defendant Gilmore agreed to participate in wire fraud and/or identity theft with another UBN member. Accordingly, the Court concludes that the evidence presented by the Government at trial was sufficient to sustain a conviction in regards to Defendant Gilmore.

Defendant Gilmore in her initial Rule 29 motion (Doc. No. 1544) also asserts the Government presented insufficient evidence at trial to establish the common purposes of the UBN

as charged in the Indictment. The Court finds this argument similarly unpersuasive. The Government at trial presented significant evidence, in the forms of both documentation and testimony, regarding the UBN's history, culture, and rules. The Government presented evidence that the UBN requires its members to pay dues, and that in large part members resort to illegal activities such as perpetrating robberies, drug trafficking, and fraud to pay these dues. Other evidence indicated that dues money was frequently used to support UBN members who were arrested in connection with their crimes for the UBN. Furthermore, testimony and documentation evidence indicated that cooperation with law enforcement was strictly prohibited in UBN culture, and there were severe punishments for "snitches." As such, the Court determines there was sufficient evidence presented at trial to support the common purposes of the UBN as charged in the Indictment. Defendant Gilmore's motion for judgment of acquittal is therefore overruled.

### b. Motion for New Trial

Next, Defendant Gilmore avers that a new trial is necessary pursuant to Federal Rule of Criminal Procedure 33 because the undersigned refused to recuse himself and because the Court permitted gang affiliation evidence at trial. (Doc. No. 1560, p. 7).

Pursuant to Rule 33, upon a defendant's motion a court may vacate any judgment and grant a new trial if the "interest of justice so requires." A new trial may be appropriate based upon newly discovered evidence or some other grounds. Fed. R. Crim. P. 33(b).

The Court has already thoroughly addressed Defendant's contention that the undersigned erred in refusing to recuse himself; thus, the Court will not repeat that analysis here.[1] The

---

[1] See (Doc. No. 1606). The Court reasoned there was neither the appearance of impartiality nor any evidence showing that the undersigned's impartiality might reasonably be questioned, thus the undersigned's recusal in the case at bar would be inappropriate.

undersigned's recusal in this case was neither warranted nor appropriate and therefore cannot provide grounds for a new trial under Rule 33.

In regards to Defendant's argument that the undersigned inappropriately permitted gang affiliation evidence during trial, the Court is similarly unpersuaded. Notably, Defendant Gilmore cites no case law demonstrating that gang affiliation evidence poses a substantial risk of unfair prejudice in a RICO conspiracy case such as this. Indeed, the very elements of RICO conspiracy require that the Government prove the existence of a racketeering enterprise and the defendant's knowing and intentional participation in that enterprise. While courts have found the probative value of gang-membership evidence to be quite-low in cases where the existence of a conspiracy or racketeering enterprise is not charged, gang-affiliation evidence may be highly probative of an individual's membership in a particular gang. United States v. Rios, 830 F.3d 403, 421 (6th Cir. 2016), cert. denied sub nom. Casillas v. United States, 197 L. Ed. 2d 220 (2017) (citing United States v. Gibbs, 182 F.3d 408, 430 (6th Cir.)). Thus, gang affiliation has been held admissible when the "interrelationship between people is a central issue." Id.

Defendant Gilmore cites United States v. Irvin, 87 F.3d 860 (7th Cir. 1996) and United States v. Hardin, 209 F.3d 652 (7th Cir. 2000), to support her contention that gang affiliation evidence may pose a substantial risk of unfair prejudice. Neither case, however, involves a RICO or RICO conspiracy charge. Moreover, in the third case Defendant Gilmore cites, the court explained that gang affiliation evidence "was highly relevant because the case involved a RICO conspiracy charge, so the government was required to prove both the existence of a racketeering enterprise and each defendant's association with that enterprise." Rios, 830 F.3d at 421 (6th Cir. 2016). In light of this, the Court fails to see how the introduction of gang affiliation evidence at

this trial, which involved a RICO conspiracy charge, warrants a new trial under Rule 33; Defendant Gilmore's motion is overruled.

### c. Motion to Dismiss

Lastly, Defendant Gilmore attacks the constitutionality of the RICO statutes themselves, arguing that the statutes inappropriately infringe on states' rights and exceed Congress's power under the Commerce Clause. (Doc. No. 1560, p. 7-9). Since Defendant Gilmore first raised these issues in her first Rule 29 motion (Doc. No. 1544) rather than in a pretrial motion, the Court deems this motion to dismiss the Indictment untimely; nevertheless, the Court will address the merits of each constitutional challenge. See United States v. Louper-Morris, 672 F.3d 539, 562 (8th Cir. 2012) ("Typically, constitutional challenges to the charging statute can be raised during pretrial motions, specifically, in a motion to dismiss the indictment.").

The Commerce Clause grants Congress the power to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce. Gonzales v. Raich, 545 U.S. 1, 17 (2005) (internal quotation marks omitted). "But even if appellee's activity be local and though it may not be regarded as commerce, it may still, whatever its nature, be reached by Congress if it exerts a substantial economic effect on interstate commerce[.]" Wickard v. Filburn, 317 U.S. 111, 125 (1942). "Congress's power to criminalize ... conduct pursuant to the Commerce Clause turns on the economic nature of the class of conduct defined in the statute rather than the economic facts ... of a single case." United States v. Morales-de Jesús, 372 F.3d 6, 18 (1st Cir.2004). Racketeering as a general class of activity is a legitimate target of Commerce Clause legislation because it is sufficiently economic in nature that it may be aggregated for Commerce Clause purposes. United States v. Nascimento, 491 F.3d 25, 43 (1st Cir.

2007) (citing <u>Perez v. United States</u>, 402 U.S. 146, 164 (1971)). "Thus, applying the RICO statute . . . does not offend the Commerce Clause." <u>Id.</u> Additionally, the Fourth Circuit has held that "a de minimis effect on interstate commerce is all that [is] required to satisfy RICO's commerce element." <u>United States v. Cornell</u>, 780 F.3d 616, 621 (4th Cir. 2015).

Defendant Gilmore's contention that Congress exceeded the power granted to it by Commerce Clause in enacting the federal racketeering statutes is without merit. Defendant cites no case law to support such an argument, and the Court's research similarly reveals no precedent indicating that the constitutionality of the RICO statutes are in doubt. Conversely, a multitude of cases in this circuit and throughout the country exhibit uniform support for the RICO statute as a constitutional exercise of congressional power. As such, the Court sees no reason to question the constitutionality of the RICO statutes.

Similarly, the Court finds Defendant's argument that the RICO statutes inappropriately infringe on states' rights unavailing. Courts have routinely rejected these sorts of arguments, consistently holding that Congress has the authority to regulate racketeering activities. <u>See</u> <u>United States v. Kehoe</u>, 310 F.3d 579, 588 (8th Cir. 2002) ("The provisions of RICO and § 1959 do not improperly encroach upon state sovereignty . . . and, thus, do not violate the Tenth Amendment."); <u>see</u> <u>also</u> <u>United States v. Vignola</u>, 464 F. Supp. 1091, 1099 (E.D. Pa.), <u>aff'd</u>, 605 F.2d 1199 n.23 (3d Cir. 1979) ("Our holding disposes of defendant's argument that his conviction violates the Ninth and Tenth Amendments to the United States Constitution. Since we have determined that Congress has the power under the Commerce Clause to regulate his racketeering activities, the power to do so is not one which is reserved to the states, or to the people."); <u>United States v. Martino</u>, 648 F.2d 367, 381 (5th Cir.) ("We likewise reject the proposition that RICO violates the

Ninth and Tenth Amendments. Appellants assert that RICO intrudes upon state sovereignty because the statute fails to require that the acts of racketeering per se affect interstate commerce. This argument ignores the essence of RICO which proscribes the furthering of the enterprise, not the predicate acts.")

Defendant Gilmore fails to persuade the Court that the RICO statutes improperly infringe on states' rights or exceed congressional power under the Commerce Clause. As such, the Court rejects the contention that the RICO statutes are unconstitutional and rejects the request to dismiss the Indictment.

## III. CONCLUSION

IT IS THEREFORE ORDERED for the foregoing reasons that Defendant Gilmore's Motion for Judgment of Acquittal, Motion for New Trial, and Motion to Dismiss (Doc. No. 1560) and Defendant Gilmore's Motion for Dismissal (Doc. No. 1544) are DENIED. Viewed in the light most favorable to the Government, the evidence presented at trial was more than sufficient to sustain a conviction against Defendant Gilmore for RICO conspiracy under Rule 29. Similarly, Defendant Gilmore presents no grounds warranting a new trial under Rule 33. Lastly, Defendant Gilmore fails to demonstrate that the RICO statutes are unconstitutional. Accordingly, the motions (Doc. Nos. 1560 and 1544) hereby are DENIED.

IT IS SO ORDERED.

Signed: June 11, 2018

Frank D. Whitney
Chief United States District Judge