UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | |
| (19) CYNTHIA GILMORE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on the Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 3063). For the reasons which follow, Defendant's Motion is **DENIED**.

I.  BACKGROUND

On May 17, 2018, Defendant was found guilty by jury trial to one count of RICO Conspiracy. (Doc. No. 2234). The United States Probation Office prepared a presentence investigation report to assist the Court with sentencing. (Doc. No. 1869).

The report carefully documented the nature and circumstances of the offense leading to Defendant's guilty verdict. The Defendant was a high-ranking member of the Nine Trey Gangster Hood of the United Blood Nation ("UBN") gang. (Doc. 1869 at 16). Defendant held a leadership position in the gang and possessed command and control over many UBN members in North Carolina and held many personal gang meetings with the leader of the UBN, co-defendant Pedro Gutierrez. Id. Defendant frequently received orders from Gutierrez in meetings in New York and returned to North Carolina to disseminate those orders to North Carolina Bloods. Id. Defendant collected and sent to Gutierrez at least $4,000 in gang dues from Bloods in North Carolina. Id.

Defendant participated in racketeering acts in furtherance of the UBN enterprise, including narcotics trafficking, robbery, and fraud. Id. at 18. In July and August 2011, Defendant and other

1

UBN members intentionally filed fraudulent tax documents with the Internal Revenue Service in order to defraud the government of tens of thousands of dollars in fraudulent tax refunds. Id. On August 10, 2011, Defendant and four other UBN members conspired to commit an armed robbery in Raleigh, North Carolina. Id. Three of the UBN members attempted to rob individuals inside a residence for money and drugs. Id. As part of the robbery, one UBN member shot a resident of the household in his inner thigh. Id. Defendant was apprehended by police as she acted as a getaway driver for one of the robbers. Id. at 19. Text messages revealed that the Defendant was involved in the planning of the robbery. Id. at 18.

Between 2011 and 2015, Defendant trafficked cocaine and cocaine base with other UBN members. Id. at 19-20. In 2016, Defendant discussed attempting to smuggle narcotics into prisons for UBN members to sell within the prison. Id. at 20.

Defendant was previously convicted of possession with intent to sell cocaine; possession of drug paraphernalia; simple assault; resisting a public officer; possession with intent to sell marijuana; simple affray; and carrying a concealed weapon. Id. at 26-29.

Defendant was sentenced by this Court to 228 months of imprisonment. (Doc. No. 2234). Defendant appealed her conviction and sentence, but the Fourth Circuit Court of Appeals affirmed both. (Doc. No. 2923). Defendant is scheduled to be released on July 26, 2033 and her full prison term expires on May 17, 2036. Defendant has only served 3 years and 8 months of her sentence, or only 19% of her term of imprisonment.

On May 2, 2020, Defendant made a request to the warden of her facility, Aliceville FCI, for compassionate release. On June 4, 2020, the warden of Aliceville FCI denied the Defendant's request, finding that the Defendant's request did not present an "extraordinary or compelling" circumstance that might warrant an early release.

On December 17, 2020, the Defendant filed the instant Motion *pro se*, moving for a sentence reduction based on the threat posed by the COVID-19 pandemic. (Doc. No. 3063). In support, Defendant maintained that her alleged health conditions of rheumatic fever, hypertension, diabetes, high cholesterol, severe asthma, bronchitis, anemia, kidney failure, and heart conditions render her susceptible to severe complications from COVID-19. The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 3088). The Government contends Defendant's Motion should be denied because Defendant does not meet the criteria justifying compassionate release. See generally id.

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The Court has considered the parties' arguments and has determined that Defendant is not entitled to compassionate release pursuant to § 18 U.S.C. § 3582(c)(1)(A).

Ordinarily, a court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). Section § 3582(c)(1)(A)(i) provides an exception that allows a court to reduce a sentence, after consideration of the factors in § 3553(a), upon finding that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). According to the policy statement, "extraordinary and compelling reasons" may exist based on the defendant's medical condition, age, family circumstances, or other reasons as determined by BOP. U.S.S.G. § 1B1.13. If a district court finds that extraordinary and compelling reasons exist, the court may not reduce a sentence before "considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." § 3582(c)(1)(A). The defendant bears the burden of proving that she is entitled to relief under § 3582(c)(1)(A). United States v. Weaver, No. 1:17-CR-235, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020); see

3

United States v. Morgan, 473 F. Supp. 3d 544, 547 (D.S.C. 2020); United States v. Edwards, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Fourth Circuit's recent decision in McCoy does not reduce the defendant's burden of establishing an "extraordinary and compelling" reason for relief under § 3582(c)(1)(A). In McCoy, the court held that the policy statement in U.S.S.G. § 1B1.13 is not "applicable" to compassionate release motions brought by defendants under § 3582(c)(1)(A). 981 F.3d at 281–82. Because § 1B1.13 "was adopted before the First Step Act" and specifically mentions only motions brought by BOP, the court reasoned that the policy statement does not apply to motions brought by defendants. Id. at 282. Absent an applicable policy statement, district courts should "make their own independent determinations of what constitutes an 'extraordinary and compelling reason[]' under § 3582(c)(1)(A), as consistent with the statutory language." Id. at 284. The Fourth Circuit noted, however, that § 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (observing that "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'" and that "a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused," such that the policy statement "can guide discretion without being conclusive")). Accordingly, the Fourth Circuit has continued to reference § 1B1.13 as a guidepost for compassionate release motions even after McCoy. See, e.g., United States v. Trotman, No. 20-6217, 2020 WL 7392287, at *2 (4th Cir. Dec. 17, 2020) (per curiam); United States v. Adamson, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam).

The Court agrees with the Government's arguments regarding the Defendant's failure to meet the requirements of 18 U.S.C. § 3582(c)(1)(A). The Defendant does not qualify for relief

based on the extraordinary or compelling circumstances under subsection (i).  The Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to support her Motion pursuant to § 3582(c)(1)(A)(i).  Although Defendant appears to suffer from medical conditions which increase her risk of severe illness from COVID-19 pursuant to CDC guidelines, she has failed to demonstrate that she faces a particularized risk of contracting COVID-19 at her prison facility.  Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement.

In addition, Defendant does not qualify for relief because she has failed to demonstrate that she is not a danger to the safety of the community or otherwise merits release under the factors listed in Title 18 U.S.C. § 3553(a).  These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the Defendant prior to granting compassionate release.  See 18 U.S.C. § 3582(c)(1).  Defendant was a leader of a violent street gang and personally participated in violent crimes such as armed robberies, and drug trafficking.  Defendant also had a troubling criminal history of drug offenses and assaults.  Therefore, Defendant does not qualify for relief because she has failed to demonstrate that she is not a danger to the safety of the community or otherwise merits release under the factors listed in 18 U.S.C. § 3553(a).

Indeed, courts have routinely rejected compassionate release motions by defendants with severe health conditions related to COVID-19—which could constitute "extraordinary and compelling reasons" for release—based on the 3553(a) factors for similar offense conduct. See United States v. Jankee, 2020 WL 6140448 (W.D.N.C. Oct. 19, 2020) (the defendant presents obesity, but release is not warranted after 96 months of a 180-month term, as the offense involved 36 kilograms of cocaine and multiple firearms, and the defendant's long record included a previous conviction for trafficking the same drug); United States v. Levario, 2020 WL 3256918 (E.D. Cal. June 16, 2020) (inmate at Oakdale is vulnerable, but denied due to violent participation in drug gang); United States v. Bumbry, 2020 WL 4717911 (W.D. Va. Aug. 13, 2020) (release is denied with 11 months remaining on 80-month sentence; even though inmate has diabetes, he participated in a violent street gang and should serve the full sentence); United States v. Miranda, 2020 WL 2124604 (D. Conn. May 5, 2020) (55-year-old has diabetes; has served 54 months of 74-month term for drug crime; denied in light of history of drug crimes and threatened violence); United States v. Walter, 2020 WL 1892063 (S.D.N.Y. Apr. 16, 2020) (denied due to violent acts as gang member, notwithstanding risk of COVID-19 as gunshot victim); United States v. Esparza, 2020 WL 1696084, at *2 (D. Idaho Apr. 7, 2020) (the defendant is 70 years old, has served more than 12 years in prison, and is experiencing a serious deterioration in physical health as he ages; but this was his fifth drug conviction over a span of decades, he led a substantial drug organization which involved firearms, and he suffered from some of the same conditions at the time; "It would be foolish to assume that he is unlikely to return to peddling drugs at age 70."); United States v. Whitner, 2020 WL 4431570, at *3 (W.D. Pa. July 31, 2020) (the defendant is at risk due to diabetes and obesity, but he committed a serious drug trafficking offense, had a prior conviction for drug

trafficking, has an extensive criminal history, and continued to engage in criminal activity while on bond).

For the foregoing reasons, Defendant has failed to demonstrate that she should be granted a sentence reduction; therefore, her Motion for Compassionate Release is **DENIED**.

## III. CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's Motion for Compassionate Release under § 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 3063) is **DENIED**.

IT IS SO ORDERED.

Signed: February 22, 2021

_____
Frank D. Whitney
United States District Judge