UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:17-CR-00134-FDW-SCR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CYNTHIA GILMORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's *Pro Se* Motion for Jail-Time Credit, (Doc. No. 3585). For the reasons set forth below, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

It is well-settled that the Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment, including computation of the amount of time-served credit due after the Bureau takes custody of the Defendant post-sentencing. United States v. Wilson, 503 U.S. 329, 331, 334–45 (1992).

Defendant believes the BOP has calculated her sentence incorrectly by not counting jail time between May 18, 2017, and March 12, 2019, towards her sentence. (Doc. No. 3585, p. 1.) However, this Court is not the proper forum for her claim. As the Fourth Circuit has explained, "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); see also Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). Defendant is incarcerated at FCI Danbury in Connecticut, which is not within this District. Accordingly, Defendant's Motion

1

for Jail Time Credit is **DENIED WITHOUT PREJUDICE** to being raised in the appropriate district.

    **IT IS THEREFORE ORDERED** that Defendant's Pro Se Motion for Jail-Time Credit, (Doc. No. 3585), is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

Signed: October 23, 2024

Frank D. Whitney
United States District Judge